UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SKYE PRENTICE, individually and on behalf of similarly situated persons, | Case No. 2:23-cv-10011 |
| Plaintiff, | Hon. |
| v. | Magistrate Judge |
| TRANSCEND DVENTURES, LLC f/k/a NEW GENETICS, LLC, *also doing business as* SPACE LABS MICHIGAN, EDWARD MERRIMAN, and TARIK LESTER, | |
| Defendants. | |

_____

David M. Blanchard (P67190)
Frances J. Hollander (P82180)
BLANCHARD & WALKER, PLLC
Attorneys for Plaintiff
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
blanchard@bwlawonline.com
hollander@bwlawonline.com
_____

## CLASS AND COLLECTIVE ACTION COMPLAINT
## AND JURY DEMAND

Plaintiff Skye Prentice ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, for her Original Complaint Collective Action ("Complaint") against Defendants New Genetics, LLC,

Transcend DVentures, LLC and Space Labs Michigan, and individual owner operators Edward Merriman and Tarik Lester ("Defendants"), states and alleges as follows:

## I.   PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and the Michigan Improved Workforce Opportunity Wage Act, MCL § 408.931, et seq. ("WOWA") and for breach of contract.

2. Plaintiff and similarly situated workers have worked without pay for seven weeks or more. At other times in the last year, Plaintiff and similarly situated workers have not received pay when due under federal and state law, despite Defendants' repeated promises to make payment.

3. Defendants have made repeated promises to make payment, but have failed to perform as promised.

4. Plaintiff seeks monetary relief and liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendants' practices of willfully failing to pay wages as required under the FLSA and the WOWA.

## II.   JURISDICTION AND VENUE

5. The United States District Court for the Eastern District of Michigan

has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6. This Complaint also alleges violations of the IWOWA, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's IWOWA claims pursuant to 28 U.S.C. § 1367(a).

7. The acts complained of herein were committed and had their principal effect against Plaintiff within the Southern Division of this District; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III. THE PARTIES

8. Plaintiff is an individual and resident of Midland, Michigan in this District.

9. Defendant New Genetics, LLC is a foreign limited liability company with its resident's agent as CSC-Lawyers Incorporating Service in East Lansing, Michigan. New Genetics, LLC currently has one State of Michigan Adult-Use Entity Registration License that expires on 12/31/2099 and identifies its address as 10310 Harvest Park, Dimondale, MI 48821. This is the same address identified for Co-Defendant Transcend DVentures, LLC's assumed name Space Labs Michigan.

10. Defendant Transcend DVentures, LLC is a domestic limited liability company with its resident's agent as United States Corporation Agents, Inc. in Flint,

Michigan. In its 2021 corporate filing with the State of Michigan, Edward J. Merriman is identified as a member of this LLC. Transcend DVentures has an active State of Michigan Adult-Use Entity Registration License through 12/31/2099.

11. Defendant Space Labs Michigan is a registered assumed name of co-defendant Transcend DVentures, LLC. Space Lab Michigan also has two active State of Michigan Class C Marihuana Grower-Licenses with an address listed as 10310 Harvest Park, Dimondale, MI 4882. This is the identical address listed for Co-Defendant New Genetics, LLC.

12. Defendants Edward Merriman and Tarik Lester are owner-operators of the Defendant business entities. They are responsible for supervision hiring, management and pay policies of the Defendant business entities.

13. Defendants' Business operations are managed from an office in Detroit, Michigan – where Plaintiff and collective members attended meetings. While Defendant's agricultural operations are in Dimondale, Michigan.

## IV. FACTUAL ALLEGATIONS

14. Defendants' annual gross volume of sales made, or business transacted is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Complaint.

15. Defendants are employers within the meaning of the FLSA and the IWOWA and has been, at all times relevant herein, Plaintiff's employers.

16. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA and the IWOWA.

17. Plaintiff has worked for Defendants as State Sales Manager since October 2021 to present.

18. Plaintiff works remotely for Defendants, from her residence in Midland Michigan and meeting with customers throughout the state of Michigan.

19. In addition to Plaintiff, Defendants currently employ approximately 20 additional employees who are working without pay.

20. At times over the last year, Defendants have employed 50 or more similarly situated employees who worked without pay for extended periods.

21. Plaintiff and other employees were on the same payroll schedule. In other words, Plaintiff and other employees were all expected to be paid by Defendants on the same day, Friday of each calendar week.

22. In November/December 2022, Defendants notified Plaintiff and other employees that their pay would be delayed because they did not have any funds and have been waiting for an investor to wire funds to the employer.

23. Pursuant to Defendants' regular payroll schedule, Plaintiff and other employees should have been paid on every Friday, but their pay has been delayed at least seven weeks as of today's date.

24. 29 C.F.R. § 778.106 states, "The general rule is that overtime

compensation earned in a particular workweek must be paid on the regular pay day for the period in which such workweek ends."

25. In addition to requiring on-time payment of overtime wages, the FLSA requires on-time payment of minimum wages. See generally *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945).

26. In other words, an FLSA violation occurs on the date an employer fails to pay its employees full wages owed.

27. Neither Plaintiff or the other collective members are exempt from the FLSA, because in order to qualify as exempt, workers must be paid a minimum salary level and on a salary basis. Orton v. Johnny's Lunch Franchise, LLC, 668 F.3d 843 (6th Cir. 2012). Plaintiff and collective members were not paid at all for extended periods.

28. Liquidated damages are due to employees who suffer an FLSA violation unless the employer can show that the failure to pay was a result of a good faith mistake or misunderstanding of the law.

29. Defendants' failure to pay was not in good faith because they suffered and permitted Plaintiff and others to work knowing they would not be paid.

30. Plaintiff and other employees therefore suffered FLSA violations in November and December of 2022 and on multiple occasions prior.

31. Plaintiff and other employees are entitled to liquidated damages in an

amount equal to the amount of their pay which was delayed.

32. Defendants knew or showed reckless disregard for whether their actions violated the FLSA.

33. Defendants made no reasonable efforts to ascertain and comply with applicable law.

34. Defendants knew or showed reckless disregard for whether their actions violated the FLSA and the IWOWA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

35. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendants within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

   A. Unpaid Wages

   B. Liquidated damages; and

   B. Attorney's fees and costs.

36. Plaintiff proposes the following collective under the FLSA:

> All workers who performed work for Defendants since a date three years prior to the filing of this action and who were not timely paid wages when due on one or more occasion.

37. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

38. The members of the proposed FLSA collective are similarly situated in that they share these traits:

    A. They performed work for Defendants and

    B. They were not timely paid minimum wages or overtime pay.

39. The exact number of the collective is not known by Plaintiff but she reasonably estimates that the collective exceeds 50 persons.

40. Defendants can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendants.

41. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendants.

42. The email addresses of the FLSA collective action plaintiffs are available from Defendants employment records and payroll.

43. Pursuant to FRCP 23, Plaintiff proposes Class Members be defined as

> All workers who performed work for Defendants who were not timely paid wages as promised and when due on one or more occasions since a date three years prior to the filing of this action.

8

## VI.  FIRST CLAIM FOR RELIEF

**(Violation of the FLSA on Behalf of Plaintiff and
all similarly situated employees)**

44.  Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, et seq.

45.  At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

46.  The FLSA requires employers to pay their employees wages by the next regularly scheduled pay day.

47.  Defendants failed to pay Plaintiff wages due on the scheduled pay day.

48.  Defendants knew or should have known that their actions violated the FLSA.

49.  Defendants' conduct and practices, as described above, were willful.

50.  By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and collective members for liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

51.  Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result

thereof, Plaintiff and the collective is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16b) of the FLSA, 29 U.S.C. § 216(b).

52. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF

### (Violation of the IWOWA on Behalf of Plaintiff and the Class)

53. Plaintiff asserts this claim for damages and declaratory relief pursuant to the IWOWA, MCL § 408.931, et seq.

54. Defendants were an "employer" within the meaning of the IWOWA, MCLS § 408.932(d).

55. Plaintiff and class members are "employees" within the meaning of the IWOWA, MCLS § 408.932(c).

56. The IWOWA requires employers to pay employees a minimum wage.

57. Defendants failed to pay Plaintiff and class members minimum wages.

58. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the IWOWA.

59. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and Class Members for unpaid wages due to her in an amount to be

determined at trial, plus liquidated damages, and attorneys' fees, including costs.

## VIII. THIRD CLAIM OF RELIEF

### (Breach of Contract on Behalf of Plaintiff and Similarly Situated Class Members)

60. Plaintiff hereby alleges and incorporates by reference all of the paragraphs above.

61. Defendants promised to pay wages and compensation to Plaintiff and class members. Promises were in written contracts, written communications and verbally.

62. Regardless of the form of the promise, permitting employees to work under promise of pay constitutes a binding contractual arrangement.

63. Plaintiff was promised $1000 per week to be paid on Friday following the week worked.

64. Regardless of the various rates of pay promised by Defendants, all class members suffered a similar breach of contract.

65. Defendants failed to pay as promised for work already performed.

66. As a direct and proximate result of Defendants' breach, Plaintiff and class members have suffered and will continue to suffer damages, including economic loss in terms of earnings, foreseeable consequential damages, and loss time value of money.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Skye Prentice, individually and on behalf of all others similarly situated, respectfully prays that Defendants be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA, the IWOWA and their related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Certification of a IWOWA class pursuant to FRCP Rule 23.

D. Certification of a Breach of contract class pursuant to FRCP Rule 23.

E. Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid wages under the FLSA, the IWOWA and related regulations;

F. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the IWOWA and related regulations;

G. Judgment for compensatory damages owed to Plaintiff under 29 U.S.C. § 216(b);

H. An order directing Defendants to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

I. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

/s/ David M. Blanchard
David M. Blanchard (P67190)
Frances J. Hollander (P82180)
BLANCHARD & WALKER, PLLC
Attorneys for Plaintiff
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
blanchard@bwlawonline.com
hollander@bwlawonline.com

Dated:  January 3, 2023

## JURY DEMAND

Plaintiff Skye Prentice, by and through her legal counsel, hereby demands a trial by jury in the above-captioned matter.

Respectfully submitted,

/s/ David M. Blanchard
David M. Blanchard (P67190)
Frances J. Hollander (P82180)
BLANCHARD & WALKER, PLLC
Attorneys for Plaintiff
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
blanchard@bwlawonline.com
hollander@bwlawonline.com

Dated:  January 3, 2023