# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SKYE PRENTICE, individually
and on behalf of similarly situated
persons,

       Plaintiff,

v.

TRANSCEND DVENTURES, LLC,
*also doing business as*
SPACE LABS MICHIGAN,
EDWARD MERRIMAN, and
TARIK LESTER,

       Defendants.

Case No. 23-cv-10011

Hon. Thomas L. Ludington

_____

## PLAINTIFF'S MOTION TO ENTER DEFAULT JUDGMENT AGAINST DEFENDANTS TRANSCEND DVENTURES, LLC, SPACE LABS MICHIGAN, EDWARD MERRIMAN, AND TARIK LESTER

Plaintiff requests that this Court grant her Motion to Enter Default Judgment Against Defendants Transcend DVentures, LLC, Space Labs Michigan, Edward Merriman, and Tarik Lester. All Defendants have been served with the summons and complaint. All Defendants have failed to file an answer or otherwise appear. All allegations against Defendants should be deemed admitted. The Court Clerk has entered Defaults against all Defendants. Plaintiff and Opt-In Plaintiffs have filed declarations to provide the Court with a detailed description of their damages. Plaintiff's Counsel has filed an Affidavit of Sum Certain with the Court to certify

the sum certain judgment amount to be entered against Defendants. In support of this motion, Plaintiff incorporates her contemporaneously-filed brief in support.

WHEREFORE, Plaintiff requests that this Court grant Plaintiff's Motion to Enter Default Judgment Against Defendants Transcend DVentures, LLC, Space Labs Michigan, Edward Merriman, and Tarik Lester.

Respectfully submitted,

/s/ David M. Blanchard
David M. Blanchard (P67190)
BLANCHARD & WALKER, PLLC
Attorneys for Plaintiff
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
blanchard@bwlawonline.com

Dated: June 16, 2023

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SKYE PRENTICE, individually
and on behalf of similarly situated
persons,

        Plaintiff,

v.

TRANSCEND DVENTURES, LLC,
*also doing business as*
SPACE LABS MICHIGAN,
EDWARD MERRIMAN, and
TARIK LESTER,

        Defendants.

Case No. 23-cv-10011

Hon. Thomas L. Ludington

_____

**PLAINTIFF'S BRIEF IN SUPPORT OF HER MOTION TO ENTER DEFAULT JUDGMENT AGAINST DEFENDANTS TRANSCEND DVENTURES, LLC, SPACE LABS MICHIGAN, EDWARD MERRIMAN, AND TARIK LESTER**

## STATEMENT OF ISSUES PRESENTED

I. Whether the Court should enter Default Judgment Against Defendants Transcend DVentures, LLC, Space Labs Michigan, Edward Merriman, and Tarik Lester in the above-captioned matter for their failure to move to set aside Clerk's Entries of Defaults or otherwise appear.

   Plaintiff says, "Yes"

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

FED. R. CIV. P. 55

*Tomlinson v. E. Recovery & Remediation Grp., LLC,* 15-13606,
    2019 U.S. Dist. Lexis 51049 (E.D. of Mich. March 27, 2019

*Acceptance Indem. Ins. C. v. Shepard*, No. 19-cv-12777,
    2021 U.S. Dist. Lexis 52769 (E.D. of Mich. Mar. 22, 2021)

*Russell v. City of Farmington Hills*, 34 Fed. App'x. 196 (6th Cir. 2002)

*Antoine v. Atlas Turner, Inc.*, 66 F.3d 105 (6th Cir. 1995)

## I. INTRODUCTION

Defendants have failed to file motions to set aside the Clerk's Entries of Default or otherwise appear. In addition, Plaintiff was able to obtain declarations of Plaintiff and Opt-In Plaintiffs to calculate a sum certain amount to seek default judgment against Defendants. (Declarations of Plaintiff and Opt-In Plaintiffs, ECF No. 35-1, PageId.112-117 and ECF No. 37-1, PageId.121-126). Plaintiff's counsel has also previously filed an affidavit of sum certain amount with the Court. (Affidavit of Plaintiff's Counsel David M. Blanchard, ECF No. 35, PageID.110-111 and ECF No. 37, PageId.119-120). However, the Clerk has denied Plaintiff's Request for Entry of Default Judgment on two separate occasions. (ECF Nos. 36 and 38).

As such, Plaintiff is now seeking entry of a default judgment against Defendants by way of this instant motion. Plaintiff will serve copies of this motion (including the declarations of Plaintiff and Opt-In Plaintiffs) upon all Defendants at their last known addresses by U.S. certified mail. It is Plaintiff's hope that this may satisfy the Court that Defendants have been served notice in any manner available to Plaintiff of the pending default judgment against them.

For the reasons stated below, Plaintiff requests that this Court enter Default Judgment against Defendants for their failure to move to set aside the Clerk's Entries of Defaults or appear in this lawsuit.

## II.     PROCEDURAL HISTORY

None of the Defendants have filed responsive pleadings to Plaintiff's Complaint, nor did they request an extension of time to file a response before the response deadline elapsed.

On February 24, 2023, Plaintiff filed a Request for Clerk's Entry of Default Against Defendants Transcend DVentures, LLC and Space Michigan Labs. (ECF No. 8). That same day, the Clerk's Entry of Default against Defendants Transcend DVentures, LLC and Space Michigan Labs were entered. (ECF Nos. 9 and 10).

On April 10, 2023, Plaintiff filed a Request for Clerk's Entry of Default Against Defendant Edward Merriman. (ECF No. 22).  The following day, the Clerk's Entry of Default against Defendant Edward Merriman was entered.  (ECF No. 23).

After obtaining an order for alternate service and serving Defendant Tarik Lester by certified mail, first-class mail, posting and publication, Plaintiff filed a Request for Clerk's Entry of Default Against Defendant Tarik Lester. (ECF No. 31). The Clerk's Entry of Default against Defendant Tarik Lester was entered on May 19, 2023. (ECF No. 32).

After establishing a sum certain judgment amount against Defendants, Plaintiff prepared and filed two requests for clerk's entry of default judgment against Defendants. (ECF Nos. 35 and 37). Both times, the clerk has denied Plaintiff's requests. (ECF Nos. 36 and 38). Thus, Plaintiff files this instant motion and serve it

upon Defendants at their last known address by U.S. certified mail so the Court can be reassured that Plaintiff has made every attempt to put Defendants on notice of this lawsuit and entry of judgment against them.

### III. ARGUMENT

FED. R. CIV. P. 55(a) permits the entry of default judgment against a defendant who has failed to plead or otherwise defend against an action. To obtain judgment by default, the plaintiff must first request a default from the clerk pursuant to Rule 55(a). *Shepard Claims Servs., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986). After entry of a default is entered by the Clerk under FED. R. CIV. P. 55(a), "the party must then apply to the Court for entry of default judgment. FED. R. CIV. P. 55(b)(2)." *Tomlinson v. E. Recovery & Remediation Grp., LLC,* 15-13606, 2019 U.S. Dist. Lexis 51049 *11 (E.D. of Mich. March 27, 2019); *see also Acceptance Indem. Ins. C. v. Shepard*, No. 19-cv-12777, 2021 U.S. Dist. Lexis 52769, at *11 (E.D. of Mich. Mar. 22, 2021).

"When considering whether to enter a default judgment, a court should take into account: 1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits." *Russell v. City of Farmington Hills*, 34 Fed. App'x. 196, 198 (6th Cir. 2002) (citing *Eitel v. McCool*, 782 F.2d. 1470, 1472 (9th

Cir. 1986)). As applied to this matter:

1) ***Possible prejudice to the Plaintiff:*** Plaintiff and Opt-In Plaintiffs in this matter have gone without pay for work performed months ago, non-payment of wages is unlike other monetary damages in that it leaves workers without expected compensation and unable to meet immediate expenses such as rent, medical expenses, or food. Moreover, with the financial status of Defendants in serious doubt, every day of continued non-payment puts Plaintiff and Opt-In Plaintiffs at further risk that the compensation due will never be recovered.

2) ***The merits of the claims:*** There can hardly be a dispute that Plaintiff and Opt-In Plaintiffs are entitled to payment for work already performed.

3) ***The sufficiency of the complaint:*** The complaint has clearly and plainly alleged willful non-payment of wages for which Defendants were on notice at the time regular payroll was due and were clearly on notice of the legal ramifications no later than the service of the Complaint.

4) ***The amount of money at stake:*** For Plaintiff and Opt-In Plaintiffs who have gone without pay for many months, the amount of money at stake is significant. For Defendants, payment of compensation for services already performed is plainly required and will not result in any undue prejudice.

5) ***Possible disputed material facts:*** Defendants have failed to appear to dispute material facts. Moreover, the declarations submitted herewith establish an

4

evidentiary record for a sum certain in wages and penalties due as a result of non-payment. There are no disputed facts that can be reasonable anticipated or inferred.

6) ***Whether the default was due to excusable neglect:*** After multiple attempts at service AND actual contact from an attorney claiming to represent Defendants (discussed below), there is no question that default is not due to any excusable neglect.

7) ***The preference for decisions on the merits:*** In light of Defendants' willful failure to respond, there should be no preference for a decision on the merits. Defendants are on notice of their right and obligation to respond and have failed to do so.

"[E]ntry of a default against a defendant establishes the defendant's liability." *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007) (citation omitted). Once a default is entered against a defendant, that party is deemed to have admitted all of the well-pleaded allegations in the complaint, except those relating to damages. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995) (citation omitted).

In her Class Action and Collective Action Complaint filed on January 3, 2023, Plaintiff alleged the following allegations against Defendants:

> 15. Defendants are employers within the meaning of FLSA and the IWOWA and have [sic] been, at all relevant times herein, Plaintiff's employers. (ECF No. 1, PageId.4)

5

23. Pursuant to Defendants' regular payroll schedule, Plaintiff and other employees should have been paid on every Friday, but their pay has been delayed at least seven weeks as of today's date [from January 3, 2023]. (ECF No. 1, PageId.5)

29. Defendant's failure to pay was not in good faith because they suffered and permitted Plaintiff and others to work knowing they would not be paid. (ECF No. 1, PageId.6)

30. Plaintiff and other employees therefore suffered FLSA violations in November and December of 2022 and on multiple occasions. (ECF No. 1, PageId.6)

31. Plaintiff and other employees are entitled to liquidated damages in an amount equal to the amount of their pay which was delayed. (ECF No. 1, PageId.6)

35. Plaintiff brings this claim for relief in violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), **on behalf of all persons similarly situated** who were, are, or will be employed by Defendants within the applicable statue of limitations period, who are entitled to payment of the following types of damages:
    **A.** Unpaid Wages;
    **B.** Liquidated Damages; and
    **C.** Attorney's Fees and costs.

    (ECF No. 1, PageID.7)

47. Defendants failed to pay Plaintiff wages due on the scheduled pay day. (ECF No. 1, PageID.9)

48. Defendants knew or should have known that their actions violated the FLSA. (ECF No. 1, PageID.9)

49. Defendants' conduct and practices, as described above, were willful. (ECF No. 1, PageID.9)

51. Defendant have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA,

and, as a result thereof, Plaintiff and the collective is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b), 29 U.S.C. § 216(b). (ECF No. 1, PageID.9-10)

61. Defendants promised to pay wages and compensation to Plaintiff and class members. Promises were in written contacts, written communications and verbally. (ECF No. 1, PageID.11)

62. Regardless of the form of the promise, permitting employees to work under promise of pay constitutes a binding contractual arrangement. (ECF No. 1, PageID.11)

64. Regardless of the various rates of pay promised by Defendants, all class members suffered a similar breach of contract. (ECF No. 1, PageID.11)

In this instant case, Plaintiff timely sought Clerk's Entries of Default against Defendants for their failure to timely respond to her Complaint. Subsequently, the Clerk's Entry of Default were made against Defendants.

Plaintiff and Opt-In Plaintiffs now request that this Court enter a default judgment against Defendants in the amount of $169,599.80, plus attorney's fees, interest, and costs to be determined in post-judgment briefing and bill of costs.

Defendants have full knowledge of the claims alleged in this lawsuit for more than five months now. Corporate counsel for Defendants Transcend DVentures and Space Labs Michigan contacted Plaintiff's Counsel on or about January 27, 2023 to discuss the claims alleged in this matter. Corporate counsel is not licensed in Michigan and advised that his clients were seeking litigation counsel. As a matter of courtesy, Plaintiff's counsel provided additional time to obtain counsel and file an

appearance and represent Defendants in the instant action. Despite repeated requests, no one has filed an appearance or answer to the complaint on behalf of the Defendants.

Plaintiff here has taken diligent action to prosecute the case against Defendants throughout this litigation. All Defendants understand this matter exists and are aware of the actions taken to prosecute the case against them. However, Defendants have not appeared in this case and have not sought to set aside the Clerk's Entries of Default against them. As such, the Court should enter Default Judgment Against Defendants and in favor of Plaintiff and Opt-In Plaintiffs.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff requests that this Court grant her Motion to Enter Judgment Against Defendants, jointly and severally, in the amount of $169,599.80, plus attorney's fees, interest and costs to be determined in a post-judgment petition and bill of costs.

Respectfully submitted,

/s/ David M. Blanchard
David M. Blanchard (P67190)
BLANCHARD & WALKER, PLLC
Attorneys for Plaintiff
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
blanchard@bwlawonline.com

Dated: June 16, 2023

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2023, my paralegal, Natalie Walter, filed the foregoing document using the Court's ECF system, which will provide electronic notice to all of the attorneys of record in the above-captioned matter. In addition, I hereby certify that copies of the foregoing document were served by U.S. Certified Mail upon all Defendants at their last known addresses on this day.

Respectfully submitted,

/s/ David M. Blanchard
David M. Blanchard (P67190)
BLANCHARD & WALKER, PLLC
Attorneys for Plaintiff
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
blanchard@bwlawonline.com

9