UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SKYE PRENTICE, individually and on behalf
of all others similarly situated,

           Plaintiff,

v.

TRANSCEND DVENTURES, d/b/a SPACE LABS
MICHIGAN, EDWARD MERRIMAN, and TARIK
LESTER

           Defendants.
_____/

Case No. 1:23-cv-10011

Honorable Thomas L. Ludington
United States District Judge

**OPINION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

In January 2023, Plaintiff Skye Prentice filed this collective action against Defendants Transcend DVentures, LLC, Space Labs Michigan, Edward Merriman, and Tarik Lester alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, the Michigan Improved Workforce Opportunity Wage Act, MICH. COMP. LAWS § 408.931 *et seq.*, and breach of contract. ECF No. 1 at PageID.2. No Defendant responded, but five additional Plaintiffs opted into the collective action. Plaintiff, on behalf of herself and five opt-in Plaintiffs, now seek entry of a default judgment against all Defendants in the amount of $169,599.80.

**I.**

In January 2023, Plaintiff Skye Prentice filed this collective action[1] against Defendants Transcend DVentures, LLC, Space Labs Michigan, Edward Merriman, and Tarik Lester alleging

---

[1] Confusingly, Plaintiff proposes a "class" definition citing Civil Rule 23 in her Complaint. ECF No. 1 at PageID.8. But Rule 23 applies to class actions, *not* collective actions. *See Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1009 (6th Cir. 2023) ("[C]lass actions under Rule

violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, the Michigan Improved Workforce Opportunity Wage Act, MICH. COMP. LAWS § 408.931 *et seq.*, and breach of contract. ECF No. 1 at PageID.2. She alleges that she "and similarly situated workers" worked without pay for over seven weeks. *Id.*

Plaintiff alleges Defendant Space Labs Michigan "is a registered assumed name of [Defendant] Transcend Dventures, LLC" that has "two active State of Michigan Class C Marihuana Grower-Licenses" with a Dimondale, Michigan address. ECF No. 1 at PageID.4. According to Plaintiff, Defendant Merriman and Defendant Tarik Lester "are owner-operators of the Defendant business entities" and are responsible for management, supervision, hiring, and "pay policies" of the Defendant business entities. *Id.*

Plaintiff alleges that she worked as a "State Sales Manager" for Defendants beginning in October 2021. ECF No. 1 at PageID.5. Her job was performed remotely, and she met "with customers throughout" Michigan. *Id.*

In the months after Plaintiff filed her collective-action Complaint, five Plaintiffs opted-in to the collective action. Notably, Plaintiff alleged in her Complaint that "approximately 20" employees of Defendants were working without pay at the time of filing and that, "over the last year, Defendants employed 50 or more similarly situated employees who worked without pay for extended periods." ECF No. 1 at PageID.5. The five opt-in Plaintiffs are listed below:

| Opt-in Plaintiff Name | Date of opt-in | Amount of alleged owed wages |
|---|---|---|
| Aron M. Orth, ECF No. 12 | March 1, 2023 | $3,840.00. ECF No. 37 at PageID.121 |
| Jason Davidson, ECF No. 17 | March 22, 2023 | $28,000.00. ECF No. 37 at PageID.122 |
| Kyle Chipman, ECF No. 21 | April 10, 2023 | $32,500.00. ECF No. 37 at PageID.124 |
| Justin Fillingham, ECF No. 26 | April 13, 2023 | $8,076.90. ECF No. 37 at PageID.123 |
| Megan Moser, ECF No. 27 | April 17, 2023 | $2,380.00. ECF No. 37 at PageID.125 |

---

23 'are fundamentally different from collective actions under the FLSA.'" (citing *Genesis HealthcareCorp. V. Symczyk*, 569 U.S. 66, 74 (2013))).

It is not clear how the five opt-in Plaintiffs became aware of the case. Nor are the employment details of any of the opt-in Plaintiffs clear.

At Plaintiff's request, over the span of three months, defaults were entered against Transcend DVentures, ECF No. 9, Space Labs Michigan, ECF No. 10, Edward Merriman, ECF No. 23, and Tarik Lester, ECF No. 32. On June 2, 2023, Plaintiff filed a Request for Clerk's Entry of Default Judgment against all Defendants, ECF No. 35, which was denied six days later because the request included attorney's fees. ECF No. 36. Later that day, Plaintiff filed a new Request for Clerk's Entry of Default Judgment, ECF No. 37, which was again denied because Defendants did not have notice of opt-in Plaintiffs. ECF No. 38.

Three days later, Plaintiff filed a Motion for Default Judgment, seeking entry of default judgment against "Defendants, jointly and severally, in the amount of $169,599.80 plus attorney's fees, interest and costs to be determined in a post-judgment petition and bill of costs." ECF No. 39 at PageID.140. Plaintiff does not explain how she arrived at the $169,599.80 sum in the Motion. *See generally id*. But, based on Plaintiff's previously denied Request for Clerk's Entry of Default Judgment, it appears the sum includes $84,799.90 in allegedly unpaid wages claimed by Plaintiff and the five opt-in Plaintiffs, and $84,799.90 in liquidated damages. *See* ECF No. 37 at PageID.120.

Plaintiff noted in her Motion that she would serve copies of the Motion for Default Judgment, "including the declarations of Plaintiff and Opt-In Plaintiffs" upon all Defendants at their last known addresses by U.S. certified mail, and that she "hope[ed] that this may satisfy the Court that Defendants have been served notice in any manner available to Plaintiff of the pending default judgment against them." ECF No. 39 at PageID.133.

## II.

### A.

When "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, the clerk must enter the party's default." FED. R. CIV. P. 55(a) (cleaned up). After default is entered, Defendants are treated as having admitted to the complaint's well-pleaded allegations. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006). If the allegations, taken as true, "are sufficient to support a finding of liability . . . the Court should enter judgment" under Civil Rule 55(b)(2). *Id.* at 848. If the court determines that default judgment is appropriate, it will "determine[ ] the amount and character of the [awarded] recovery." Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2688 (4th ed. 2020) (collecting cases).

### B.

Under the Fair Labor Standards Act, employers are required to pay their employees a minimum wage. 29 U.S.C. § 206. Any employer who does not pay their employees the required minimum wage is liable to the employee or employees affected in the amount of their unpaid minimum wages plus an equal amount of liquidated damages. 29 U.S.C. § 216(b). The FLSA expressly authorizes one or more employee to file suit on behalf of both themselves and "other employees similarly situated," *id.*, a practice commonly referred to as a "collective action."

"[A]n FLSA collective action is not representative—meaning that 'all plaintiffs in an FLSA action must affirmatively choose to become parties by opting into the collective action.'" *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1009 (6th Cir. 2023) (quoting *Canaday v. Anthem Companies, Inc.*, 9 F.4th 392, 402 (6th Cir. 2021)). In the Sixth Circuit, courts authorize

notice to potential plaintiffs *before* determining whether plaintiffs who have opted into the suit are indeed similarly situated. *Clark*, 68 F.4th at 1010–11.

Determining whether plaintiff employees are similarly situated to join an FLSA collective action "typically depends" on fact-specific considerations such as whether joining plaintiffs "performed the same tasks and were subject to the same policies—as to both timekeeping and compensation—as the original plaintiffs were," and whether joining plaintiffs are subject to individualized defenses. *Clark*, 68 F.4th at 1010 (citing *Pierce v. Wyndham Resorts, Inc.*, 922 F.3d 741, 745 (6th Cir. 2019).

### III.

Because default has been entered against all Defendants in this case, *see* ECF Nos. 9; 10; 23; 32, all well-pleaded allegations in the Complaint are deemed admitted by Defendants. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006). But importantly, Plaintiff's Complaint includes no information about five opt-in Plaintiffs, so there are no well-pleaded allegations *as to those Plaintiffs* that can be deemed as admitted by Defendants. *See generally* ECF No. 1. Indeed, so little is known about each opt-in Plaintiff that this Court is unable to engage in the fact-specific evaluation of whether each opt-in Plaintiff is similarly situated to Plaintiff Prentice. Nowhere in the record is the job title of each opt-in Plaintiff stated, let alone any details about the tasks they performed in that role and the timekeeping and compensation policies they were subject to.

True, each opt-in Plaintiff filed a consent which states their name, vaguely alleges that Defendant "repeatedly failed to pay wages when due" when they were employed by Defendant, and consents to becoming a plaintiff in the case. *See* ECF Nos. 12; 17; 21; 26; 27. But that is all. And, notably, all of these consent forms were filed *after* default was entered as to Defendant

Transcend DVentures, ECF No. 9, and Space Labs Michigan, ECF No. 10, and two were filed after default was entered as to Defendant Merriman, ECF No. 23. And although Plaintiff's June 2022 "Request for Clerks' Entry of Default Judgment" includes declarations of each opt-in plaintiff in which they each detail when Defendant did not pay them, the hours they worked during that time period, and their compensation rate, *see* ECF No. 37 at PageID.121–26, "that is not enough." *Hendrickson v. Hall*, No. 3:22-CV-2930-S-BN, 2023 WL 8000293, at *4 (N.D. Tex. Sept. 29, 2023) "Because the opt-in plaintiffs are not named plaintiffs in the complaint and there are no allegations in the complaint to support claims that defendants failed to pay each of these opt-in plaintiffs . . . in violation of the FLSA, the pleadings do not support default judgment in the opt-in plaintiffs' favor." *Id.*; *see also Rodney v. Digital Media, Inc.*, No. 1:18-CV-1644-MHC, 2019 WL 5106277, at *4 (N.D. Ga. Sept. 11, 2019) (declining to issue default judgment against defendant where opt-in plaintiffs' claims were not detailed in complaint) (collecting cases).

Accordingly, Plaintiff's Motion for Default Judgment, ECF No. 39, will be denied without prejudice. Plaintiff may renew it after she serves Defendants with an amended complaint[2] including well-pleaded allegations as to each opt-in Plaintiff.

### IV.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Default Judgment, ECF No 39, is **DENIED WITHOUT PREJUDICE**.

**This is not a final order and does not close the above-captioned case**.

Dated: December 1, 2023              s/Thomas L. Ludington
                                     THOMAS L. LUDINGTON
                                     United States District Judge

---

[2] Because Plaintiff has not previously amended her Complaint and Defendants have not answered it, Plaintiff may amend her Complaint as a matter of course without leave of this Court. *See* FED. R. CIV. P. 15(a)(1)(B).