UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SKYE PRENTICE, et al.,

        Plaintiff,                              Case No. 1:23-cv-10011

v.                                                Honorable Thomas L. Ludington
                                                       United States District Judge

TRANSCEND DVENTURES, d/b/a SPACE LABS
MICHIGAN, et al.,

        Defendants.
_____/

**OPINION AND ORDER DISMISSING DEFENDANTS TARIK LESTER AND NEW GENETICS, LLC**

In January 2023, Plaintiff Skye Prentice filed this collective action against Defendants Transcend DVentures, LLC, New Genetics, LLC, Space Labs Michigan, Edward Merriman, and Tarik Lester, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, the Michigan Improved Workforce Opportunity Wage Act, MICH. COMP. LAWS § 408.931 *et seq.*, and breach of contract. ECF No. 1 at PageID.2. She alleges that she "and similarly situated workers" worked without pay for over seven weeks. *Id.* Some of the Defendants have not been properly served, and the ones who were served have not filed timely answers and are in default. *See* ECF Nos. 56; 61; 62.

On October 7, 2025, Plaintiffs filed two documents attempting to voluntarily dismiss Defendants Tarik Lester and New Genetics. ECF Nos. 57; 58. These documents cite Civil Rule 41(a)(1)(A)(i), which permits a plaintiff to voluntarily dismiss "an *action* without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." (emphasis added). But in the Sixth Circuit, Civil Rule 41(a)(1)(A)(i) only permits dismissing all claims against all defendants—the entire action—not individual claims or

parties. *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961); *see also Griesmar v. City of Stow*, No. 22-3151, 2022 WL 17581658, at *4 (6th Cir. Dec. 12, 2022). This Court must enforce this limitation and prohibit Plaintiffs' attempt to voluntarily dismiss only Defendants Lester and New Genetics under Civil Rule 41(a)(1)(A)(i). *See United States ex rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462, 464–65 (E.D. Ky. 2018). After all, "this is federal court where, especially here, the rules matter." *Id.* at 465 (citation modified); *see also Curtis v. Deutsche Bank*, No. 1:23-CV-12859, 2025 WL 1296206, at *12 (E.D. Mich. May 5, 2025) (noting that the Federal Rules of Civil Procedure "are not trifling technicalities").

But no concern—another rule permits dismissing Defendants Lester and New Genetics. Indeed, Civil Rule 21 allows a court to "add or drop a party," either "on its own" or "on motion" of a party. And because this Court can "construe[] filings by their substantive content and not by their labels," Plaintiffs' filings seeking to voluntarily dismiss Defendants Lester and New Genetics, ECF Nos. 57; 58, will be construed as motions to disjoin them under Civil Rule 21. *Preferred Care*, 326 F.R.D. at 463 (citation modified). Construing these filings that way, Plaintiffs' motions, ECF Nos. 57; 58, will be granted, and Defendants Tarik Lester and New Genetics, LLC, will be dismissed from this case.

Accordingly, it is **ORDERED** that Plaintiff's Motions to Voluntarily Disjoin Defendants Tarik Lester and New Genetics, LLC, ECF Nos. 57; 58, are **GRANTED**.

Further, it is **ORDERED** that Defendants Tarik Lester and New Genetics, LLC, are **DISMISSED WITHOUT PREJUDICE**.

**This is not a final order and does not close this case.**

Dated: October 10, 2025          s/Thomas L. Ludington
                                 THOMAS L. LUDINGTON
                                 United States District Judge