UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SKYE PRENTICE, ARON M. ORTH,
JASON DAVIDSON, KYLE CHIPMAN,
JUSTIN FILLINGHAM, and MEGAN
MOSER,

Case No. 23-cv-10011
Hon. Thomas L. Ludington

    Plaintiffs,

v.

TRANSCEND DVENTURES, LLC,
*also doing business as*
SPACE LABS MICHIGAN,
and EDWARD MERRIMAN,

    Defendants.

_____

## PLAINTIFFS' RENEWED MOTION TO ENTER DEFAULT JUDGMENT AGAINST DEFENDANTS TRANSCEND DVENTURES, LLC, D/B/A SPACE LABS MICHIGAN, AND EDWARD MERRIMAN

    Plaintiffs request that this Court grant their Renewed Motion to Enter Default Judgment Against Defendants Transcend DVentures, LLC, d/b/a Space Labs Michigan, and Edward Merriman. Though initially brought as a proposed collective (as to the FLSA claims) and proposed class action (as to the IWOWA and contract claims), the collective and class were never certified, and accordingly, Plaintiffs seek default judgment as to their individual claims only.

    All Defendants have been served with the complaint and amended complaint. Plaintiffs have filed proofs of service with this Court. (*See* ECF Nos. 52, 53.) All

Defendants have failed to file an answer or otherwise appear. All allegations against Defendants should be deemed admitted. The Court Clerk has entered Defaults against all Defendants. (ECF Nos. 61, 62.) Plaintiffs have filed declarations to provide the Court with a detailed description of their damages. (ECF No. 64-1.) In support of this motion, Plaintiffs incorporate their contemporaneously filed brief in support.

WHEREFORE, Plaintiffs request that this Court grant their Motion to Enter Default Judgment Against Defendants Transcend DVentures, LLC, d/b/a Space Labs Michigan, and Edward Merriman.

Respectfully submitted,

/s/ David M. Blanchard
David M. Blanchard (P67190)
BLANCHARD & WALKER, PLLC
*Attorney for Plaintiffs*
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
blanchard@bwlawonline.com

Dated: October 16, 2025

2

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

| | |
|---|---|
| SKYE PRENTICE, ARON M. ORTH, JASON DAVIDSON, KYLE CHIPMAN, JUSTIN FILLINGHAM, and MEGAN MOSER, | Case No. 23-cv-10011<br>Hon. Thomas L. Ludington |
| Plaintiffs, | |
| v. | |
| TRANSCEND DVENTURES, LLC, *also doing business as* SPACE LABS MICHIGAN, and EDWARD MERRIMAN | |
| Defendants. | |

___

David M. Blanchard (P67190)
BLANCHARD & WALKER, PLLC
*Attorney for Plaintiffs*
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
blanchard@bwlawonline.com

___

**PLAINTIFFS' BRIEF IN SUPPORT OF RENEWED MOTION TO ENTER DEFAULT JUDGMENT AGAINST DEFENDANTS TRANSCEND DVENTURES, LLC, D/B/A SPACE LABS MICHIGAN AND EDWARD MERRIMAN**

## STATEMENT OF ISSUES PRESENTED

I. Whether the Court should enter Default Judgment Against Defendants Transcend DVentures, LLC, d/b/a Space Labs Michigan, and Edward Merriman in the above-captioned matter for their failure to answer the amended complaint or otherwise appear.

    Plaintiffs say: "Yes"

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

FED. R. CIV. P. 55

*Tomlinson v. E. Recovery & Remediation Grp., LLC,* 15-13606,
    2019 U.S. Dist. Lexis 51049 (E.D. of Mich. March 27, 2019

*Acceptance Indem. Ins. C. v. Shepard*, No. 19-cv-12777,
    2021 U.S. Dist. Lexis 52769 (E.D. of Mich. Mar. 22, 2021)

*Russell v. City of Farmington Hills*, 34 Fed. App'x. 196 (6th Cir. 2002)

*Antoine v. Atlas Turner, Inc.*, 66 F.3d 105 (6th Cir. 1995)

I.   INTRODUCTION

Defendants Edward Merriman and Transcend DVentures, LLC, d/b/a Space Labs Michigan (collectively "Defendants") have failed to answer Plaintiffs' amended complaint (ECF No. 47) or otherwise appear in the nearly three years this case has been pending. Defendants have adequate notice of the lawsuit, as they were served with the complaint (ECF Nos. 4, 5, 16), Plaintiffs' previous motion to enter default judgment (ECF Nos. 43, 44), and the amended complaint (ECF Nos. 52, 53). Yet Defendants have taken no actions in the case. On October 8, 2025, the Clerk entered defaults against the Defendants. (ECF No. 61, 62.) Now, Plaintiffs petition the Court for entry of a default judgment against Defendants by way of this instant motion.

II.   PROCEDURAL HISTORY

Plaintiff Skye Prentice filed her original complaint on January 3, 2023, against Transcend DVentures, LLC ("Transcend"), New Genetics, LLC ("New Genetics"), Space Labs Michigan ("Space Labs"), Edward Merriman, and Tarik Lester. (ECF No. 1). She filed her suit as a putative collective action under the FLSA and as a putative class action as to her IWOWA and contract claims. (*Id*. at PageID.7–11.) Summons issued the next day (ECF No. 3) and Transcend, Space Labs, and New Genetics were served on January 14, 2023 (ECF Nos. 4, 5, 6.) Plaintiff later discovered that New Genetics was an unrelated entity that shared an address with

1

Transcend and Space Labs and voluntarily dismissed New Genetics from the case. (ECF No. 11.)[1] Transcend and Space Labs were defaulted on February 27, 2023. (ECF Nos. 9, 10.) Defendant Edward Merriman was later served on March 8, 2023, (ECF No. 16) and defaulted on April 11, 2023 (ECF No. 23). And finally, after the Court granted alternate service (ECF No. 24), Defendant Tarik Lester was served by certified mail, first-class mail, posting, and publication on April 12, 2023, and April 17, 2023, (ECF No. 28, 29) and defaulted on May 19, 2023. (ECF No. 31).

In the meantime, five other former employees opted in to Prentice's proposed collective: Aron Orth, Jason Davidson, Kyle Chipman, Justin Fillingham, and Megan Moser. (ECF Nos. 12, 17, 21, 26, 27). When Plaintiff Prentice later moved for entry of default judgment, the Clerk (ECF No. 38) and the Court (ECF No. 45) denied the motions because the Defendants did not have notice of these opt-in Plaintiffs. The Court noted that the complaint contained no allegations as to the five opt-ins such that a default could support liability as to those Plaintiffs but stated that Prentice could renew her motion "after she serve[d] Defendants with an amended complaint including well-pleaded allegations as to each opt-in Plaintiff." (ECF No. 45, PageID.162–163.)

So Prentice amended her complaint to include the other five former employees

---

[1] New Genetics was accidentally reintroduced in the amended complaint (ECF No. 47, PageID.165, 168), but this error was later corrected with another voluntary dismissal (ECF Nos. 58, 63).

as named Plaintiffs as well. (ECF No. 47.) Plaintiffs then served the complaint on Defendant Merriman (ECF No. 53) and Defendant Transcend d/b/a Space Labs (which investigation revealed to be a single entity) (ECF No. 52) but were unable to serve Defendant Lester. On October 7, 2025, Plaintiffs voluntarily dismissed Lester (ECF No. 57) and requested default as to Merriman (ECF No. 59) and Transcend d/b/a Space Labs (ECF No. 60), which were granted the next day (ECF Nos. 61, 62).

Plaintiffs then petitioned the Clerk of the Court for default judgment, including affidavits of sum certain amounts with the Court. (ECF No. 64.) However, the Clerk denied Plaintiffs' request, noting "[t]he requested amount cannot be verified in accordance with LR 55.2." (ECF No. 65, PageID.235.) Plaintiffs take this to mean the Clerk does not consider the damages a "sum certain," since to the best of their knowledge Plaintiffs complied with the rest of LR 55.2's requirements, so Plaintiffs now direct their renewed motion for default judgment to this Honorable Court.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 55(a) permits the entry of default judgment against a defendant who has failed to plead or otherwise defend against an action. To obtain judgment by default, the plaintiff must first request a default from the clerk pursuant to Rule 55(a). *Shepard Claims Servs., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986). "[E]ntry of a default against a defendant

3

establishes the defendant's liability." *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007) (citation omitted). Once a default is entered against a defendant, that party is deemed to have admitted all of the well-pleaded allegations in the complaint, except those relating to damages. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995) (citation omitted). After entry of a default is entered by the Clerk under Rule 55(a), "the party must then apply to the Court for entry of default judgment. Fed. R. Civ. P. 55(b)(2)." *Tomlinson v. E. Recovery & Remediation Grp., LLC,* 15-13606, 2019 U.S. Dist. Lexis 51049 *11 (E.D. of Mich. March 27, 2019); *see also Acceptance Indem. Ins. C. v. Shepard*, No. 19-cv-12777, 2021 U.S. Dist. Lexis 52769, at *11 (E.D. of Mich. Mar. 22, 2021).

Additionally, in the context of a putative collective action, a court may enter default judgment as to only the named plaintiffs, upon the plaintiffs' request, if the collective has not yet been certified. *See Ullom v. Bill Perry & Assocs.*, No. 20-cv-00266, 2020 U.S. Dist. LEXIS 233156, at *4 (M.D. Fla. Dec. 11, 2020) ("Courts faced with this situation [entering default judgment in an uncertified collective action] have gone one of two ways: (1) enter a default judgment on behalf of the named plaintiff only, or (2) deny or defer ruling on the motion for default judgment until the complaint is amended to include the opt-in plaintiffs and served on the defendants."); *Stafford v. Psychiatric Servs. of E. Tenn., LLC*, No. 23-cv-209, 2024 U.S. Dist. LEXIS 203121, at *8 (E.D. Tenn. Nov. 7, 2024) ("When faced with such

4

circumstances, many courts deny the motion for default judgment but allow plaintiffs to renew it after they serve defendants with an amended complaint, which should include 'well-pleaded allegations as to each opt-in Plaintiff.'") Likewise, plaintiffs of a proposed class that has not been certified may obtain a judgment as to themselves only. *Cf. Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (holding that a default judgment granted to an uncertified class was valid as to named plaintiffs but did not bind absent class members); *Wright v. Schock,* 742 F.2d 541, 544 (9th Cir. 1984) (upholding district court's entry of summary judgment before class certification and noting that the judgment applied to named plaintiffs only); Mich. Ct. R. 3.501(D)(2) ("A judgment entered before certification of a class binds only the named parties").

## IV. ARGUMENT

"Before the Court can enter a default judgment against parties who have not appeared in the case, it must determine whether it has jurisdiction over the defendants." *Allstate Vehicle v. Ellenwood*, No. 24-11992, 2025 U.S. Dist. LEXIS 184876, at *4 (E.D. Mich. Sept. 19, 2025) (citing *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 845 (E.D. Mich. 2006)). As detailed in the complaint, the events giving rise to this complaint occurred in Michigan. Edward Merriman is a resident of Michigan. (*See* ECF No. 43, PageID.153.) And Transcend is a limited liability company with its principal place of business in Michigan: it maintains marijuana

5

grower-licenses in Michigan, runs agricultural operations in Dimondale, Michigan, and manages business operations from an office in Detroit, Michigan. (ECF No. 47, PageID.169.) The Court also has subject matter jurisdiction over Plaintiffs' FLSA claims based on federal question jurisdiction and has supplemental jurisdiction over Plaintiffs' IWOWA and contract claims, which arise out of the same set of operative facts as the FLSA claims. (*Id.* at PageID.167.) So, the Court has both personal jurisdiction and subject matter jurisdiction over each of the claims and each of the Defendants.

With jurisdiction addressed, Plaintiffs turn to the factors courts consider when deciding whether to enter a default judgment: "1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits." *Russell v. City of Farmington Hills*, 34 Fed. App'x. 196, 198 (6th Cir. 2002) (citing *Eitel v. McCool*, 782 F.2d. 1470, 1472 (9th Cir. 1986)). Here, these factors favor the entry of default judgment:

1) **Possible prejudice to the Plaintiff:** Plaintiffs in this matter have gone without pay for work performed years ago. Non-payment of wages is unlike other monetary damages in that it leaves workers without expected compensation and unable to meet immediate expenses such as rent, medical expenses, or food.

6

Moreover, with the financial status of Defendants in serious doubt, every day of continued non-payment puts Plaintiffs at further risk that the compensation due will never be recovered. Indeed, due to the time and cost already undertaken trying to locate and serve Defendant Tarik Lester—efforts that were ultimately unsuccessful—Plaintiffs were forced to dismiss him from the case. Further delay could result in more defendants escaping liability.

2) ***The merits of the claims:*** There can hardly be a dispute that Plaintiffs are entitled to payment for work already performed. The FLSA and IWOWA are clear that employees are entitled to some minimum payment for their labor. And as Plaintiffs' allegations (which are deemed admitted upon default) make clear, Defendants did not pay them for several months of their labor.

3) ***The sufficiency of the complaint:*** The complaint has clearly and plainly alleged willful non-payment of wages for which Defendants were on notice at the time regular payroll was due and were clearly on notice of the legal ramifications no later than the service of the Complaint. Additionally, the complaint was amended to include allegations regarding the five opt-in plaintiffs and was again served on Defendants to ensure they had notice of all Plaintiffs' claims.

4) ***The amount of money at stake:*** For Plaintiffs who have gone without pay for many months, the amount of money at stake is very significant. Across all six Plaintiffs, damages total nearly $170,000, plus the costs of nearly three years of

litigation. For Defendants, payment of compensation for services already performed is plainly required and will not result in any undue prejudice.

5) ***Possible disputed material facts:*** Defendants have failed to appear to dispute material facts. Moreover, the declarations submitted by Plaintiffs establish an evidentiary record for a sum certain in wages and penalties due as a result of non-payment.  There are no disputed facts that can be reasonably anticipated or inferred.

6) ***Whether the default was due to excusable neglect:*** After multiple attempts at service AND actual contact from an attorney claiming to represent Defendants (discussed below), there is no question that default is not due to any excusable neglect.  Plaintiffs have given Defendants ample notice and opportunity to appear and defend this case, yet they have deliberately chosen not to.

7) ***The preference for decisions on the merits:*** In light of Defendants' willful failure to respond, there should be no preference for a decision on the merits. Defendants are on notice of their right and obligation to respond and have failed to do so.

In the Amended Complaint filed on December 8, 2023, Plaintiffs alleged the following allegations against Defendants:

> 2. Plaintiffs and similarly situated workers have worked without pay for seven weeks or more. At other times in the last year, Plaintiffs and similarly situated workers have not received pay when due under federal and state law, despite Defendants' repeated promises to make payment. (ECF No. 47, PageID.166.)

8

20. Defendants are employers within the meaning of the FLSA and the IWOWA and have been, at all relevant times herein, Plaintiff's [sic] employers. (*Id*. at PageID.169.)

22. Plaintiff Skye Prentice worked for Defendants as State Sales Manager from November 7, 2022 to January 13, 2023 and her weekly gross rate of pay was $1,000. (*Id*.)

24. Plaintiff Skye Prentice has not been paid for the 10 weeks that she worked for Defendants, which is $10,000 plus interest for her unpaid wages. (*Id*.)

25. Plaintiff Aron Orth worked for Defendants from November 13, 2022 to December 23, 2022 and his hourly rate of pay was $16.00. (*Id*. at PageID.170.)

26. Plaintiff Aron Orth has not been paid for 240 hours that he worked for Defendants, which is $3,840.00 plus interest for his unpaid wages. (*Id*.)

27. Plaintiff Jason Davidson worked for Defendants from November 13, 2022 to February 17, 2023 and his weekly gross rate of pay was $2,000.00. (*Id*.)

28. Plaintiff Jason Davidson has not been paid for 14 weeks that he worked for Defendants, which is $28,000.00 plus interest for his unpaid wages. (*Id*.)

29. Plaintiff Kyle Chipman worked for Defendants from October 19, 2022 to April 14, 2023 and his weekly gross rate of pay was $1,250.00. (*Id*.)

30. Plaintiff Kyle Chipman has not been paid for 26 weeks that he worked for Defendants, which is $32,500 plus interest for his unpaid wages. (*Id*.)

31. Plaintiff Justin Fillingham worked for Defendants from November 13, 2022 to January 21, 2023 and his weekly gross rate of pay was $807.69. (*Id*.)

32. Plaintiff Justin Fillingham has not been paid for 10 weeks that he worked for Defendants, which is $8,076.90 plus interest for his unpaid wages. (*Id*.)

33. Plaintiff Megan Moser worked for Defendants from November 13, 2022 to December 31, 2022 and her hourly rate of pay was $17.00. (*Id.*)

34. Plaintiff Megan Moser has not been paid for 140 hours over 7 weeks that she worked for Defendants, which is $2,380.00 plus interest for her unpaid wages. (*Id.* at PageID.171.)

39. Pursuant to Defendants' regular payroll schedule, Plaintiffs and other employees should have been paid on every Friday, but their pay has been delayed at least seven weeks . . . (*Id.*)

45. Defendants' failure to pay was not in good faith because they suffered and permitted Plaintiffs and others to work knowing they would not be paid. (*Id.* at PageID.172.)

46. Plaintiffs and other employees therefore suffered FLSA violations in November and December of 2022 and on multiple occasions prior. (*Id.*)

47. Plaintiffs and other employees are entitled to liquidated damages in an amount equal to the amount of their pay which was delayed. (*Id.*)

63. Defendants failed to pay Plaintiffs' wages due on the scheduled pay day. (*Id.* at PageID.175.)

64. Defendants knew or should have known that their actions violated the FLSA. (*Id.*)

65. Defendants' conduct and practices, as described above, were willful. (*Id.*)

67. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs . . . are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b), 29 U.S.C. § 216(b). (*Id.*)

77. Defendants promised to pay wages and compensation to Plaintiff and class members. Promises were in written contacts, written communications and verbally. (*Id*. at PageID.177.)

78. Regardless of the form of the promise, permitting employees to work under promise of pay constitutes a binding contractual arrangement. (*Id*.)

Plaintiffs sought, and the Clerk of Court granted, defaults against Defendants for their failure to timely respond to the Complaint. Thus, Defendants have admitted these allegations (except as to damages). *See Antoine*, 66 F.3d at 110–11.

Plaintiffs now request that this Court enter a default judgment against Defendants in the amount of $169,599.80, plus attorney's fees, interest, and additional costs to be determined in post-judgment briefing and bill of costs. Plaintiffs have supported their requested damages through affidavits (*see* **Exhibit A**, Plaintiffs' Declarations) and would testify as to the same if called for an evidentiary hearing. Defendants have not appeared or presented evidence to rebut Plaintiffs' evidence.

Defendants have had full knowledge of the claims alleged in this lawsuit for at least a year, if not longer. Corporate counsel for Defendants Transcend DVentures and Space Labs Michigan contacted Plaintiff's Counsel on or about January 27, 2023, to discuss the claims alleged in this matter. Corporate counsel is not licensed in Michigan and advised that his clients were seeking litigation counsel. As a matter of courtesy, Plaintiff's counsel provided additional time to obtain counsel and file

11

an appearance and represent Defendants in the instant action. Despite repeated requests, no one has filed an appearance or answer to the complaint on behalf of the Defendants. Even assuming the Defendants were not aware of the opt-in plaintiffs' claims until the amended complaint was served on them in July 2024, they have had more than a year to respond to them and defend them. Additionally, they were on notice that Plaintiffs would attempt to seek default judgment at least as early as June 2023.

Plaintiffs here have taken appropriate action to prosecute the case against Defendants throughout this litigation, despite difficulties with service. Both Defendants understand this matter exists and are aware of the actions taken to prosecute the case against them. However, Defendants have not appeared in this case and have not sought to set aside either set of Clerk's Entries of Default against them. Plaintiffs have supported their claim for damages with sworn affidavits. And Defendants have put forth no evidence to challenge Plaintiffs' declarations and calculations of damages. As such, the Court should enter Default Judgment against Defendants and in favor of Plaintiffs.

V.   **CONCLUSION**

For the foregoing reasons, Plaintiffs requests that this Court grant their Motion to Enter Judgment Against Defendants, jointly and severally, in the amount of

$169,599.80, plus attorney's fees, interest and costs to be determined in a post-judgment petition and bill of costs.

                                                Respectfully submitted,

/s/ David M. Blanchard
David M. Blanchard (P67190)
BLANCHARD & WALKER, PLLC
*Attorney for Plaintiff*
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
Dated: October 16, 2025                blanchard@bwlawonline.com

13

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 16, 2025, she electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notifications of such filings to all participating attorneys. Additionally, she mailed the paper to the last known addresses of Defendants.

/s/ Leslie M. Wenzel
Leslie M. Wenzel, Legal Assistant