UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SKYE PRENTICE, ARON M. ORTH,
JASON DAVIDSON, KYLE CHIPMAN,
JUSTIN FILLINGHAM, and MEGAN
MOSER,

Case No. 23-cv-10011
Hon. David M. Lawson

          Plaintiffs,

v.

TRANSCEND DVENTURES, LLC,
also doing business as
SPACE LABS MICHIGAN,
and EDWARD MERRIMAN,

          Defendants.

_____/

## OPINION AND ORDER GRANTING RENEWED MOTION FOR DEFAULT JUDGMENT

Plaintiff Skye Prentice filed a complaint as a putative collective action on January 3, 2023 alleging that she worked for the defendants for over seven weeks without pay.  She brought claims for (1) violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, (2) violations of the Michigan Improved Workforce Opportunity Wage Act (IWOWA), Mich. Comp. Laws § 408.931 *et seq.*, and (3) breach of contract under Michigan law to recover unpaid wages.  Later, Aaron Orth, Jason Davidson, Kyle Chipman, Justin Fillingham, and Megan Moser opted into the case as plaintiffs who are similarly situated to Prentice.  The defendants have not answered or responded to the amended complaint, and the Clerk has entered their default.  The plaintiffs now have moved for a default judgment, furnishing declarations in the form prescribed by 28 U.S.C. § 1746 documenting their damages consisting of unpaid wages.  The defendants' liability is established by their defaults, which constitute an admission of the material allegations in the

amended complaint, and an evidentiary hearing is not necessary to prove the damages, which are documented by the declarations.  The motion for default judgment will be granted.

I.

In January 2023, plaintiff Skye Prentice filed a putative collective action against Transcend DVentures, LLC, and its alleged owners, Edward Merriman and Tarik Lester, asserting claims under the FLSA and the IWOWA and for breach of contract under Michigan law.  The complaint alleged that the plaintiffs and others similarly situated worked for weeks at Transcend DVentures without pay from late 2022 and into 2023.  After Ms. Prentice filed the case, five individuals opted into the action.  *See* ECF Nos. 12; 17; 21; 26; 27.

When the defendants did not defend the action, the clerk, at the plaintiffs' request, entered defaults against each defendant over the ensuing months.  *See* ECF Nos. 9; 23; 32.  The plaintiffs twice sought a clerk's entry of default judgment, but those initial efforts were rebuffed.  Their first request was denied because it improperly included attorney's fees.  Their second request was denied for failure to provide notice to the opt-in plaintiffs.  The plaintiffs next moved for default judgment, seeking a joint and several award of $169,599.80 plus fees, interest, and costs.  The Court denied that motion, explaining that the complaint did not include sufficient allegations to support recovery on behalf of the opt-in plaintiffs.  *See* ECF No. 45, PageID.163.  The Court, however, permitted the plaintiffs to renew their request upon curing those deficiencies.

The plaintiffs then filed an amended complaint that added allegations specific to each opt-in plaintiff and named an additional defendant, New Genetics, LLC.  By December 2023, Plaintiffs had served all defendants except Tarik Lester, and no defendant filed a responsive pleading or otherwise defended the action.  Nearly two years later, in October 2025, the plaintiffs voluntarily dismissed New Genetics and Lester, leaving only Transcend DVentures and Merriman as

defendants in the case.  *See* ECF Nos. 57; 58; 63.  At that time, the plaintiffs sought entries of defaults against the remaining defendants, which the clerk entered on October 8, 2025.  *See* ECF Nos. 59-62.

On October 16, 2025, the plaintiffs filed a renewed motion for default judgment against the remaining defendants.  They requested a joint and several judgment against the remaining defendants, supporting their request with declarations listing their wage rates and the hours that they worked without compensation as follows:

| Plaintiff | Wage-Amount | Weeks/Hours Worked | Total Unpaid Wages |
|---|---|---|---|
| Kyle Chipman | $1,250.00 per week | 26 weeks | $32,500 |
| Jason Davidson | $2,000 per week | 14 weeks | $28,000 |
| Justin Fillingham | $807.69 per week | 10 weeks | $8,076.90 |
| Megan Moser | $17.00 per hour | 140 hours | $2,380 |
| Aron Orth | $16.00 per hour | 240 hours | $3,840 |
| Skye Prentice | $1,000 per week | 10 weeks | $10,000 |

ECF No. 66-1, PageID.255-60.  In addition to those $84,796.90 in unpaid wages, the plaintiffs sought liquidated damages under 29 U.S.C. § 216(b), which permits additional recovery of an amount equal to unpaid minimum wages or unpaid overtime compensation.  ECF No. 66, PageID.251.

On February 23, 2026, the Court directed the plaintiffs to file a supplemental brief on their liquidated damages calculation.  It observed that the plaintiffs' regular wages "exceed the federal minimum wage outlined in 29 U.S.C. § 206," meaning "liquidated damages cannot be calculated simply by doubling the total unpaid wages" as the plaintiffs had in their default judgment motion. ECF No. 70, PageID.289 (citing *Garcia v. Jac-Co Construction, Inc.*, No. 23-2485, 2024 WL 2303962, at *5 (W.D. Tenn. May 21, 2024)).  In their supplemental brief, the plaintiffs withdrew their request for liquidated damages and now seek damages in the aggregate amount of $84,796.90, which represents the amount of unpaid wages reflected in their declarations.

The remaining defendants have not responded to the motion for default judgment or challenged the plaintiffs' calculation of unpaid wages. The plaintiffs notified the court that Transcend DVentures is now in receivership, and that the appointed receiver does not object to the default judgment. ECF Nos. 69; 69-1.

<div align="center">II.</div>

Under Federal Rule of Civil Procedure 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Thereafter, the party may "apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). When a defendant fails to appear and defend by properly tendering an answer or motion challenging the complaint, the Court must accept all well-pleaded factual allegations in the complaint as true. *Stooksbury v. Ross*, 528 F. App'x 547, 551 (6th Cir. 2013). The Court then must ensure that the well-pleaded allegations in the complaint, taken as true, state a viable claim for relief. *AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 929 (W.D. Mich. 2013) (citing *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007)). If the Court is satisfied with the showing, it "may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(B); *Vesligaj v. Peterson*, 331 F. App'x 351, 354 (6th Cir. 2009).

The burden rests with the plaintiffs to establish damages with competent proof. *See Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 457 (6th Cir. 2011). The Court may — but need not — "conduct an evidentiary hearing" to determine the proper amount of damages. *Vesligaj*, 331 F. App'x at 354.

The plaintiffs assert three legal theories to support their request to recover unpaid wages. First, they posit liability under the FLSA. "Congress passed the FLSA with broad remedial intent" to address "unfair method[s] of competition in commerce" that cause "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." *Keller v. Miri Microsystems LLC,* 781 F.3d 799, 806 (6th Cir. 2015); 29 U.S.C. § 202(a). The FLSA requires every covered employer to pay its employees wages of at least $7.25 per hour. 29 U.S.C. § 206(a)(1)(C). It applies to enterprises engaged in commerce, including those with annual gross sales of at least $500,000. *Id.* § 203(s)(1)(A)(ii). The amended complaint alleges that the defendants failed to pay the plaintiffs *any* wages for weeks beginning in late 2022. It further alleges that the defendants' business transacted at least $500,000 "in each of the three years preceding the" amended complaint's filing, ECF No. 47, PageID.169, rendering it an enterprise engaged in commerce. Those well-pleaded facts establish a violation of the FLSA.

Second, the plaintiffs have established the defendants' liability for their unpaid wages claim under IWOWA. Under that law, an "employer shall not pay an employee at a rate less than prescribed in [the] act." Mich. Comp. Laws § 408.933. The prescribed minimum wage was $10.10 an hour in 2022 and $10.33 an hour in 2023. Mich. Comp. Laws § 408.934 (2019); 2018 PA 368. As with the FLSA claim, the amended complaint demonstrates that the defendants failed to pay the plaintiffs' wages for several weeks in 2022 and 2023, violating IWOWA's requirement to pay employees the minimum wages owed during those periods.

Third, the plaintiffs assert that the defendants breached a contract of employment to pay wages for work performed. Under Michigan law, the plaintiffs must prove that there was a contract that the defendants breached, and that they suffered damages as a result. *Miller-Davis Co. v. Ahrens Const., Inc.*, 495 Mich. 161, 178, 848 N.W.2d 95, 104 (2014). Valid "contract[s] require[]

- 5 -

five elements: (1) parties competent to contract, (2) a proper subject matter, (3) legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation." *AFT Michigan v. State of Michigan*, 497 Mich. 197, 235, 866 N.W.2d 782, 804 (2015).  Here, the amended complaint describes employment agreements under which the defendants agreed to pay specified wages in exchange for the plaintiffs' labor, pleading all the elements of a valid contract.  It also alleges that the defendants breached the contract by failing to pay wages.  And it alleges that the plaintiffs were damaged as a result of the failure to pay wages.  All the elements of a breach-of-contract claim are pleaded in the amended complaint.

The plaintiffs adequately have substantiated their requested aggregate damages of $84,796.90.  Where, as here, the amounts are undisputed, courts routinely rely on declarations calculating the pecuniary harm flowing from a defendant's unlawful conduct to establish damages on default judgment.  *See, e.g.*, *Vesligaj*, 331 F. App'x at 355 ("[T]he district court's reliance on plaintiff's third sworn declaration to provide the necessary evidentiary basis for calculating the unpaid wages and the amount of prejudgment interest on the unpaid wages was not an abuse of discretion."); *Renouf v. Aegis Relocation Co. Corp.*, 641 F. Supp. 3d 439, 448 (N.D. Ohio 2022); *O.C., Plaintiff, v. Town & Country Motel, Defendant.*, No. 2:25-CV-675, 2026 WL 809538, at *6 (S.D. Ohio Mar. 24, 2026).  Each plaintiff submitted a declaration detailing unpaid wages totaling $84,796.90.

Each of the plaintiffs may recover the amount of unpaid wages in the amount documented in her or his respective declaration.  Although the damages available under the FLSA and IWOWA do not themselves reach the amount requested in every instance, since those statutes permit recovery only of unpaid *minimum* wages, 29 U.S.C. § 216(b); Mich. Comp. Laws § 408.939, the plaintiffs may recover the full amount of their respective unpaid wages under their breach-of-

contract claim.  The "measure of damages" for a "breach of contract is the pecuniary value of the benefits the aggrieved party would have received if the contract had not been breached."  *Doe v. Henry Ford Health Sys.*, 308 Mich. App. 592, 601, 865 N.W.2d 915, 921-22 (2014) (citation modified).   Had the defendants performed, the plaintiffs collectively would have received $84,796.90.   Therefore, that aggregate sum represents the proper measure of damages for the breach-of-contract claim and, in turn, for the default judgment.

<p style="text-align:center">III.</p>

The defendants' defaults establish as true all the material allegations in the amended complaint.  Those factual allegations prove the elements of the plaintiffs' three claims.  And their declarations are sufficient to prove the amounts of their respective damages.

Accordingly, it is **ORDERED** that the plaintiff's renewed motion for default judgment (ECF No. 66) is **GRANTED**.

It is further **ORDERED** that judgment may enter for each plaintiff in the amount of his or her respective wage claim as documented in his or her respective declaration.

<div style="margin-left:50%">

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

</div>

Dated:   April 7, 2026